IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES MATLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-768-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

James Matlock
Register #90897-012
Federal Prison Camp
P.O. Box 6000
Sheridan, Oregon  97378

Pro Se Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon

Page 1 - OPINION AND ORDER

Scott Erik Asphaug
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

      Attorneys for Defendant

KING, Judge:

Plaintiff James Matlock, proceeding *pro se*, asserts a claim under the Federal Tort Claims Act ("FTCA") against the United States of America.  Before the court is defendant's Motion to Dismiss (#24).  For the following reasons, I deny the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an inmate who claims to have received inadequate medical treatment for his pneumonia, causing permanent damage to his lungs, while in custody at the Federal Medical Center (FMC) in Fort Worth, Texas.  He also alleges that the Clinical Director for FMC Fort Worth caused him emotional distress by telling him the condition was terminal.

Plaintiff presented four separate tort claims in writing to the Bureau of Prisons, South Central Regional Office, on or around August 29, 2005.  The tort claims described plaintiff's complaints about his medical treatment on February 24, 25, 26, and 27, 2005, and April 2005.

On February 3, 2006, the Federal Bureau of Prisons, South Central Regional Office, denied plaintiff's tort claims, advising plaintiff that "if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court."  D.'s Mem. in Supp. of Mot. to Dismiss, Ex. 2 at 3.

Page 2 - OPINION AND ORDER

Close to four months later, on May 31, 2006, plaintiff brought suit against the Bureau of Prisons and various officials.  On July 14, 2006, I dismissed plaintiff's complaint for lack of jurisdiction.  I noted that plaintiff may have intended to bring a claim pursuant to the FTCA, but noted that the United States is the only party which may be sued under that statute.  I permitted plaintiff to file an amended complaint alleging a FTCA claim against the United States, but I warned plaintiff that "an amendment adding the United States as a defendant may not relate back to the filing date of the original complaint."  Order at 4 n.2 (July 14, 2006).

According to plaintiff, he did not receive this Order until after August 2.

The docket reflects that the Order was returned to the court as undeliverable on July 25, 2006, and was remailed to him on August 2, 2006.  The court file shows that the court mailed the Order to PO Box 5000, rather than PO Box 6000, despite the fact that plaintiff's complaint carried the PO Box 6000 address.

On August 22, 2006, plaintiff filed an "Amendment to Complaint Under FRCP Rule 15" against "United States Government," as well as the BOP and various officials.  I dismissed plaintiff's submission on October 11, 2006, because it did not comply with Federal Rule of Civil Procedure 8.  It did not state any claims for relief, did not provide the facts supporting the claims for relief, and did not include a prayer for relief.  I gave plaintiff 30 days within which to file another amended complaint.  I ordered the Clerk of the Court to retain the summonses until further order.  Accordingly, the complaint labeled "Amendment to Complaint Under FRCP Rule 15" was not served on the named defendants.

I granted plaintiff an extension of time within which he could file his amended complaint, and on December 19, 2006, he filed a complaint styled, "Amended Petition for a Federal Tort

Claim Pursuant to 28 U.S.C. § 2671 et al." against the United States of America (hereinafter referred to as "Second Amended Complaint").

Defendant has moved to dismiss plaintiff's Second Amended Complaint.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claim. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

## DISCUSSION

Defendant argues that plaintiff's Second Amended Complaint must be dismissed because plaintiff failed to bring his suit under the FTCA within six months of the administrative denial of his claims.

The FTCA requires that a plaintiff meet two limitations periods. "A claim must be filed with the agency within two years of the claim's accrual and the claimant must file suit within six months of administrative denial of the claim. If either requirement is not met, suit will be time barred." Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984); see also 28 U.S.C. § 2401(b).

Plaintiff timely filed his administrative claim with the BOP. However, he was required to commence his action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §

2401(b).  BOP mailed the denial on February 3, 2006.  Accordingly, plaintiff had until August 3, 2006, to file his complaint against the United States under the FTCA.[1]

Plaintiff argues that his August 22, 2006, submission would have been filed within the six month period had this court in a timely fashion provided a copy of its Order dismissing his initial complaint.  Instead, since the July 14, 2006, Order was returned to the court and mailed again on August 2, he did not receive the Order directing him to file an amended complaint until after the six-month deadline had passed.

I have seriously considered plaintiff's argument given that it was the court's administrative error that delayed notice to plaintiff about the need for an amended complaint.  Nevertheless, I must reject plaintiff's argument.  Even if the August 22, 2006, submission had been filed before the August 3 deadline, his submission did not assert any claims or facts such that it could be called a complaint.  Accordingly, I must reject plaintiff's argument that had he received my July 14, 2006, Opinion earlier, he would have filed his August 22 submission within the six-month time limit.

The question, then, is whether the relation back provision of Federal Rule of Civil Procedure 15(c) applies to relate plaintiff's Second Amended Complaint, filed on December 19, 2006, back to the date of the filing of his original complaint on May 31, 2006.

Rule 15(c) provides, in relevant part:

---

[1]The government incorrectly asserts that plaintiff had until August 4, 2006, to file his FTCA action.  See Allen v. Veterans Admin., 749 F.2d 1386 (9th Cir. 1984) ("The Veterans Administration's letter of denial was mailed on January 20, 1982.  Thus, under the statute Allen was required to sue the United States by July 20, 1982."); see also McGuckin v. United States, 918 F.2d 811, 812 (9th Cir. 1990) ("The Bureau of Prisons mailed McGuckin such notice on June 14, 1988, and the statute ran on December 14, 1988.").

An amendment of a pleading relates back to the date of the original pleading when

* * *

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed. R. Civ. P. 15(c).

Defendant concedes that Rule 15(c)(2) is met; the FTCA claim arises out of the same conduct or transaction as that set forth in plaintiff's initial complaint.

I note also that there is no evidence that the United States Attorney, or his designee, or the Attorney General of the United States was served with the summons and complaint until well after the six-month period had run; they were served in March of 2007. See McGuckin v. United States, 918 F.2d 811, 813 (9th Cir. 1990) (service of initial complaint on United States attorney prior to running of six-month period satisfied Rule 15(c)). As a result, the exclusion from 15(c)(3)(A) and (B) does not apply here.

Accordingly, I evaluate whether plaintiff's December 19, 2006, complaint relates back to

May 31, 2006, by considering Rule 15(c)(3)(A) and (B).  Plaintiff filed his initial complaint on

May 8, 2006, against the Bureau of Prisons and several individual defendants.  Defendant

contends that the first complaint failed to put it on notice of a FTCA action, and that it could not

have known that plaintiff intended to file the FTCA action because the United States was not a

proper defendant in the original complaint.  Defendant does not assert that it never received the

original complaint, only that the complaint did not put it on notice of the FTCA action and the

fact that it could have been sued but for plaintiff's error.

I disagree with defendant.  Although plaintiff did not specifically allege a claim under the

FTCA, he attached to his complaint the defendant's February 3, 2006, denial letter.  He alleged

claims of negligence, in various formulations.  Indeed, contrary to defendant's assertion, he

neither alleged violations of his Eighth Amendment right to be free from cruel and unusual

punishment, nor alleged any other constitutional violations.  Nowhere does he state that the

doctor was deliberately indifferent to his medical needs, and he cites to negligence cases.[2]  It was

apparent to me when I dismissed his initial complaint in July of 2006, that plaintiff intended to

bring a FTCA claim.  Furthermore, plaintiff's mistake in failing to name the United States was

not a "conscious choice of whom to sue," as defendant contends.  See Louisiana-Pacific Corp. v.

ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993).  Since plaintiff's case was not a *Bivens* action,

contrary to defendant's contention, the individual employees were not the proper defendants, and

---

[2]In contrast, his Second Amended Complaint has a different tenor, alleging that the doctor acted with deliberate indifference and alleging violation of the Constitution.  Second Amended Complaint at 3-4.

Page 7 - OPINION AND ORDER

defendant should have known that, but for plaintiff's mistake, the action would have been brought against it.

In sum, I conclude plaintiff's Second Amended Complaint relates back to the date of the filing of his original complaint, and his suit under the FTCA is timely.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss (#24) is denied.

IT IS SO ORDERED.

Dated this _____21st_____ day of September, 2007.

　　_/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 8 - OPINION AND ORDER