IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES MATLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 06-768-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

James Matlock
Fed. Reg. No. 90897-012
U.S. Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, Missouri  65801- 4000

       Pro Se Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon

Page 1 - OPINION AND ORDER

Scott Erik Asphaug
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

      Attorneys for Defendant


KING, Judge:

Plaintiff James Matlock, proceeding *pro se*, asserts a claim under the Federal Tort Claims Act ("FTCA") against the United States of America.  Before the court is Defendant United States' Motion for Change of Venue (#30).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an inmate who claims to have received inadequate medical treatment for his pneumonia, causing permanent damage to his lungs, while in custody at the Federal Medical Center (FMC) in Fort Worth, Texas.  He also alleges that the Clinical Director for FMC Fort Worth caused him emotional distress by telling him the condition was terminal.

Plaintiff presented four separate tort claims in writing to the Bureau of Prisons, South Central Regional Office, on or around August 29, 2005.  The tort claims described plaintiff's complaints about his medical treatment on February 24, 25, 26, and 27, 2005, and April 2005.

On February 3, 2006, the Federal Bureau of Prisons, South Central Regional Office, denied plaintiff's tort claims, advising plaintiff that "if you are dissatisfied with our determination in this matter, you are afforded six (6) months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court."  D.'s Mem. in Supp. of Mot. to Dismiss, Ex. 2 at 3.

Page 2 - OPINION AND ORDER

Close to four months later, on May 31, 2006, plaintiff brought suit against the Bureau of Prisons and various officials. On July 14, 2006, I dismissed plaintiff's complaint for lack of jurisdiction. I noted that plaintiff may have intended to bring a claim pursuant to the FTCA, but stated that the United States is the only party which may be sued under that statute. I permitted plaintiff to file an amended complaint alleging a FTCA claim against the United States, but I warned plaintiff that "an amendment adding the United States as a defendant may not relate back to the filing date of the original complaint." Order at 4 n.2 (July 14, 2006).

According to plaintiff, he did not receive this Order until after August 2.

The docket reflects that the Order was returned to the court as undeliverable on July 25, 2006, and was remailed to him on August 2, 2006. The court file shows that the court mailed the Order to PO Box 5000, rather than PO Box 6000, despite the fact that plaintiff's complaint carried the PO Box 6000 address.

On August 22, 2006, plaintiff filed an "Amendment to Complaint Under FRCP Rule 15" against "United States Government," as well as the BOP and various officials. I dismissed plaintiff's submission on October 11, 2006, because it did not comply with Federal Rule of Civil Procedure 8. It did not state any claims for relief, did not provide the facts supporting the claims for relief, and did not include a prayer for relief. I gave plaintiff 30 days within which to file another amended complaint.

I granted plaintiff an extension of time within which he could file his amended complaint, and on December 19, 2006, he filed a complaint styled, "Amended Petition for a Federal Tort Claim Pursuant to 28 U.S.C. § 2671 et al." against the United States of America (hereinafter referred to as "Second Amended Complaint").

Page 3 - OPINION AND ORDER

On September 21, 2007, I denied defendant's motion to dismiss plaintiff's Second

Amended Complaint finding that, pursuant to Federal Rule of Civil Procedure 15(c), the Second

Amended Complaint related back to the date of the filing of his original complaint, making his

suit under the FTCA timely.

## LEGAL STANDARDS

28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a
> district court may transfer any civil action to any other district or division where it
> might have been brought.

The purpose of § 1404(a) is to prevent waste of time, energy and money and to protect

litigants, witnesses and the public against unnecessary inconvenience and expense.  Van Dusen v.

Barrack, 376 U.S. 612, 616 (1964).  The court must balance the preference given to the plaintiff's

choice of forum with the burden of litigating in an inconvenient forum.  Decker Coal Co. v.

Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  The defendant has the burden of

making a strong showing of inconvenience before a transfer is allowed.  Private factors

considered by the court include:

> relative ease of access to sources of proof; availability of compulsory process for
> attendance of unwilling, and the cost of obtaining attendance of willing,
> witnesses; possibility of view of premises, if view would be appropriate to the
> action; and all other practical problems that make trial of a case easy, expeditious
> and inexpensive.

Id. at 843 (quotation omitted).  Public factors include:

> the administrative difficulties flowing from court congestion; the 'local interest in
> having localized controversies decided at home'; the interest in having the trial of
> a diversity case in a forum that is at home with the law that must govern the
> action; the avoidance of unnecessary problems in conflict of laws, or in the

application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Id. (quotation omitted).

## DISCUSSION

Defendant argues that plaintiff's physical injuries occurred at the Fort Worth Medical Center in the Northern District of Texas, that all of defendant's witnesses are in that district, that the tort laws of Texas will apply, and that plaintiff is currently incarcerated in Springfield, Missouri. In addition, defendant points out that plaintiff stated in his Second Amended Complaint, "[T]his Court has the discretion to transfer this action to the United States District Court for the Northern District of Texas, at Fort Worth. The State that caused Matlock's physical injury is the Fort Worth Federal Medical Center within the District of Texas and the jurisdiction of Texas Court." Second Amended Complaint at 2.

Plaintiff responds that his initial and Second Amended Complaint state that the,

proximate cause of injury was originated in Oregon, where the acts or omission occurred, and not necessarily at the Fort Worth Medical Center, as Defendant United States exclaims profoundly. Upon inception of notifying said Defendants of 'flu like symptoms', Plaintiff–and his witnesses–recognized the injury (in Oregon) when disregard of Plaintiff's medical history evidenced the 'substantial factor' test of negligence.

Resp. to D. United States' Mot. for Change of Venue at 1. Plaintiff also contends that he did not intend to imply that he requested the case be transferred to Texas by mentioning that the court has that authority.

Plaintiff does not point to any specific paragraph in his initial or Second Amended Complaint where he alleges an injury in Oregon, and I find no mention of Oregon in his complaints. Furthermore, although he fails to identify in his Second Amended Complaint where

Page 5 - OPINION AND ORDER

he was incarcerated at the time of his injury, his tort claims filed with the Bureau of Prisons state, in relevant part, "On Feb. 25, 26, & 27, 2005, I was taken from the prison unit I was being housed at in FMC Ft. Worth to the priosn [sic] hospital and on each of these days I was sent back[,]" "FMC Ft. Worth and its contract doctor failed to timely diagnosis [sic] and treat my condition[,]" and "[w]hile laying in bed suffering, Dr. Hernan Reyes of Ft. Worth, FMC passed my mother and others in the hallway and came in to my room and told me that I was not going to make it and he needed an address to send my property." D.'s Mem. in Supp. of Mot. to Dismiss, Ex. 1 at 2, 3 and 4. Additionally, plaintiff's initial complaint alleged that plaintiff was in the medical facility at Fort Worth at the time of his injury. Complaint, ¶¶ 24 and 33.

Plaintiff gives no good reasons why the case should stay in the District of Oregon. In contrast, defendant identifies several reasons why venue should be changed to Texas, primary among them is that all witnesses are in Texas. On balance, factors relating to convenience of witnesses and interests of justice weigh in favor of defendant. Accordingly, I conclude that this case should be tried in the Northern District of Texas.

## CONCLUSION

For the foregoing reasons, Defendant United States' Motion for Change of Venue (#30) is granted. The case will be transferred to the Northern District of Texas.

IT IS SO ORDERED.

Dated this _____4th_____ day of December, 2007.


     /s/ Garr M. King
Garr M. King
United States District Judge


Page 6 - OPINION AND ORDER